HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANDRE THOMPSON, a single man; and BRRYSON CHAPLIN, a single man,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF OLYMPIA, a local government entity; and RYAN DONALD and "JANE DOE" DONALD, individually and the marital community comprised thereof,<br><br>    Defendants. | CASE NO. 3:18-cv-05267<br><br>ORDER ON MOTIONS IN LIMINE |

**Plaintiff's Motions in Limine**:

1.     Exclude reference to Officer Donald's military service

        DENIED

2.     Exclude performance evaluations, promotions, nominations and commendations received post May 21, 2015

        DENIED

3.     Evidence related to the filing of criminal charges against the plaintiffs arising out of the incident at issue should be excluded under Rules 401, 402, and 403

|    |    |    |    |
|----|----|----|----|
| 1  |    |    | DENIED with respect to the charges of assault against Donald, RESERVED with respect to other charges of theft and assault at the Safeway |
| 3  | 4. |    | Witnesses should be ordered to refer to the previous criminal trial as a "prior proceeding" |
| 4  |    |    | DENIED |
| 5  | 5. |    | Exclude any reference to the Review Board Findings/Conclusions that Officer Donald acted reasonably, nor was internally disciplined regarding the incident |
| 7  |    |    | DENIED |
| 8  | 6. |    | Exclude prior bad acts, including prior convictions, should be excluded: |
| 9  |    | A. | Chaplin's juvenile adjudications of Robbery and Theft in the 2nd Degree conviction |
| 11 |    |    | GRANTED |
| 12 |    | B. | Chaplin's Taking a Motor Vehicle Without Permission conviction |
| 13 |    |    | GRANTED |
| 14 |    | C. | Chaplin's Assault and Theft convictions from May 20, 2015 |
| 15 |    |    | RESERVED |
| 16 |    | D. | Safeway videos of incidents on night of May 20, 2015 |
| 17 |    |    | DENIED |
| 18 |    | E. | All testimony, documents, arguments that Plaintiffs were convicted of Assault in the 3rd Degree against Officer Donald |
| 20 |    |    | DENIED |
| 21 | 7. |    | The toxicology report showing concentration of blood alcohol level and presence of marijuana/THC should be excluded |
| 23 |    |    | DENIED |

8. Exclude evidence of Plaintiffs' history of drug experimentation

    GRANTED

9. Exclude Safeway employee, Jason Gray, from testifying that he heard Chaplin yelling something at Gray and Brown, then picking up the skateboard and "huck[ing] it at [them]"

    RESERVED

10. Defendants' Expert Kenton Wong should be prohibited from speculating that drugs and alcohol may have precipitated the incident

    GRANTED

11. Evidence of Plaintiffs' incarceration following their convictions in the criminal case and past periods of incarceration/detention should be excluded

    GRANTED

12. Exclude the video recorded portion of Chaplin's Vice News interview

    DENIED

13. Exclude Defense Expert Kenton Wong from speculating that wind, humidity, moisture may have affected the deposition of gunshot particles on Thompson's White T-shirt

    DENIED

14. Exclude Defense Expert Detective Paynter's statement that Officer Donald's intent was to "issue [Plaintiffs] a citation and release them…"

    GRANTED

15. Exclude Defense Expert Detective Paynter from testifying that "Thompson eventually admitted to entering Safeway and stealing beer."

    RESERVED

| | | |
|---|---|---|
| 16. | Exclude Plaintiff's expert Dr. Lacy from being questioned if it would have been "possible" for Chaplin to stumble and take some steps after his T-11 was shattered | |
| | DENIED | |
| 17. | Exclude Deputy Hinrichs from testifying that he believed he was responding to a "robbery" | |
| | DENIED | |
| 18. | Exclude exhibits where the facts contained therein are in dispute and which contain hearsay statements that do not satisfy an independent exception to the hearsay rule | |
| | RESERVED | |
| 19. | Exclude Chaplin's Facebook postings | |
| | RESERVED | |
| 20. | Exclude duplicative testimony from experts Cheng and Wong regarding how Chaplin's arm became injured | |
| | RESERVED | |
| 21. | Exclude damages experts from speculating that Chaplin would not have been able to live independently, irrespective of the injury sustained during the shooting incident | |
| | DENIED | |
| 22. | Exclude any reference to expenses or costs incurred by other spinal injury patients or costs associated with other patients' life care needs | |
| | DENIED | |
| 23. | Exclude expert Thompson, a quadriplegic, from referencing his own spinal injury, recovery, or condition | |
| | DENIED | |

24. Exclude evidence regarding Plaintiff Chaplin's education history, GED, plans to return to school, work history, ability or inability to work

    DENIED

25. Exclude reference to Chaplin's preexisting history of childhood trauma and recurrent major depression or anxiety disorder

    DENIED

26. Life care plan expert witness Thompson should be excluded from testifying that:

    a. Lack of medical records for Chaplin from August 2016-August 2017 means he did not attend appointments or require medications

    DENIED

    b. Chaplin allowed other people to "play with his wheelchair" or that he misused his wheelchair while incarcerated

    DENIED

    c. Chaplin was instructed to take medications while in jail and that he "was not taking responsibility for that"

    DENIED

    d. Chaplin was not regularly attending scheduled medical visits

    DENIED

    e. Chaplin arrived at PT with a videographer

    DENIED

    f. Chaplin did not have the cognitive ability to live by himself regardless of injuries

    DENIED

    g. Chaplin did not appear to have pain and had fine motor skills

|   |   |   |   |
|---|---|---|---|
| 1 |   |   | DENIED |
| 2 |   | h. | A social worker put a hold on COPES assessment for in-home care as it appeared |
| 3 |   |   | Chaplin was not expected to need held from others while in the hospital |
| 4 |   |   | DENIED |
| 5 | 27. | Exclude defense expert Rosen from testifying that he "felt" Chaplin might not ever have | |
| 6 |   | the skills to live by himself, because he believed Chaplin relied on his mother | |
| 7 |   |   | RESERVED |
| 8 | 28. | Exclude defense expert Rosen's observation that Chaplin looked numerous times to his | |
| 9 |   | mother for guidance "as he did not understand what was being asked of him" | |
| 10 |   |   | RESERVED |
| 11 | 29. | Exclude speculation by defense experts from testifying that "Chaplin's mother managed | |
| 12 |   | his medical compliance and that she likely provided that type of support prior to the | |
| 13 |   | incident due to his preexisting intellectual, cognitive and behavioral issues" | |
| 14 |   |   | RESERVED |
| 15 | 30. | Exclude speculation that because Chaplin relied on his mother that "he might not ever | |
| 16 |   | have the skills to live by himself" | |
| 17 |   |   | RESERVED |

**Defendants' Motions in Limine:**

1. Exclude evidence of settlement discussions

    GRANTED

2. Exclude reference of personal counsel for Officer Donald

    DENIED

| | | |
|---|---|---|
| 1 | 3. | Exclude evidence of insurance |
| 2 | | GRANTED |
| 3 | 4. | Exclude evidence of Bjornstad memo |
| 4 | | GRANTED |
| 5 | 5. | Exclude evidence of field training records |
| 6 | | DENIED |
| 7 | 6. | Exclude evidence of transit center death |
| 8 | | GRANTED |
| 9 | 7. | Exclude evidence of Dr. Popeli complaint |
| 10 | | GRANTED |
| 11 | 8. | Exclude evidence of Allen Memo |
| 12 | | DENIED |
| 13 | 9. | Exclude claims that the jury could not decide Count I in Plaintiffs' assault case |
| 14 | | DENIED |
| 15 | 10. | Exclude claims that the conviction on Count II was "mere apprehension" |
| 16 | | GRANTED |
| 17 | 11. | Exclude Donald's "dreamcicle" Facebook post |
| 18 | | GRANTED |
| 19 | 12. | Exclude claims that Donald is a racist or his actions were racially motivated |
| 20 | | GRANTED |
| 21 | 13. | Exclude claims that Donald should have used the lowest level of force |
| 22 | | DENIED |
| 23 | 14. | Exclude reference to protests in Olympia following shooting |
| 24 | | |

ORDER ON MOTIONS IN LIMINE - 7

GRANTED

15. Exclude references to Michael Brown or other notorious shootings

GRANTED

16. Exclude claims that police are more likely to use force against black males

GRANTED

17. Exclude references to Plaintiffs as "unarmed black men"

DENIED

18. Exclude claims that Plaintiffs are not guilty of the assault in Count II

DENIED

19. Exclude claims that Chaplin is not guilty of theft

GRANTED

20. Exclude evidence that Donald was terminated from city of Auburn police department

GRANTED

21. Exclude references to use of force incidents in the past when Donald used lower levels of force

DENIED with respect to evidence rebutting Donald's assertion that he has not been successful with his taser and bean-bag shotgun, but otherwise GRANTED

//
//
//
//
//

In addition, all questions proposed by the parties in their jury questionnaires will be asked out loud to prospective jurors in court during jury selection.

IT IS SO ORDERED.

Dated this 9th day of September, 2019.

Ronald B. Leighton
United States District Judge

ORDER ON MOTIONS IN LIMINE - 9