The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT TACOMA

ANDRE THOMPSON, a single man; and
BRYSON CHAPLIN, a single man,

                            Plaintiffs,

      v.

CITY OF OLYMPIA, a municipal
corporation and local government entity;
and RYAN DONALD and "JANE DOE"
DONALD, individually and the marital
community comprised thereof,

                            Defendants.

No. 3:18-cv-05267-RBL

MOTION AND MEMORANDUM
REGARDING CONTROLLING THE
GALLERY OF THE COURTROOM

**Noted:  Friday, September 20, 2019**

## I.     INTRODUCTION

Defendants respectfully request that this Court control the gallery of the Courtroom during this trial and not permit Plaintiffs to intimidate and influence the jury through numerous supporters. During the criminal trial of the now Plaintiffs, some days 30-40 people would appear in Court wearing purple shirts in a clear effort to intimidate the jury. Defendants want to avoid the prejudice this would create if similar behavior occurred in this Court.

## II.     STATEMENT OF FACTS

The mother of the Plaintiffs, Crystal Chaplin, has galvanized her Facebook community through a series of posts and made her sons' trial a Facebook "event." *Declaration of Andrew G. Cooley in Support of this Motion*, ¶ 2, **Exhibit A**.

MOTION AND MEMORANDUM REGARDING
CONTROLLING THE GALLERY OF THE COURTROOM - 1
3:18-cv-05267-RBL
1002-00881/458136.docx

Keating, Bucklin & McCormack, Inc., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

As part of these posts, Ms. Chaplin calls the police "the real gang members." As of this date, 124 individuals have responded that they are interested in attending the trial. *Cooley Dec.,* at ¶ 3.

Ms. Chaplin made a shirt for her "BF" Lisa Ganser, in which Ms. Chaplin described Defendant Officer Ryan Donald as a "trigger happy person and a DANGEROUS MURDERER NARCISSISTIC PSYCHOPATH who should not be a kop." *Cooley Dec.*, **Ex. B**.

Additionally, Ms. Chaplin called Defendant Donald a "piss ant of a man" (*Id.* **Ex. C**) and an "Evil Terrorist (*Id.* **Ex. D**). She also posted: "the f***ing cops can watch my page all they want, just remember you narcissistic psychopaths we are also watching you too. I SEE YOU." Id. **Ex. E**.

Although Ms. Chaplin asks her Facebook community to be respectful, and not wear certain clothing and exhibit certain behaviors if they attend this trial, it is likely that this advice will not be followed in light of the inflammatory posts described above. *Cooley Dec.*, at ¶ 5. Counsel for the Defendants personally sat through some of the criminal trial of the Plaintiffs and observed just the opposite. Individuals appeared wearing the color purple in a show of solidarity with the Plaintiffs, including Mr. Chaplin's counsel, who wore a purple suit some days. Plaintiffs (then the criminal Defendants) were engaged in tactics that were intended to influence and intimidate the jury in the criminal case. *Id.* at ¶ 5.

Supporters of the Plaintiffs wrote messages such as "Free Bryson and Andre" in sidewalk chalk in front of the courthouse during the criminal trial. Ms. Ganser took pictures ostensibly of herself yet had jurors' faces in the background and later published the photographs of the jurors on the internet. *Cooley Dec.*, ¶ 5.

Defendants want to avoid these behaviors and influencing of the jury in this case. This is a serious proceeding in which Officer Donald has been sued and accused of violating the Plaintiffs' civil rights. He has a constitutional right to a fair trial. The conduct of those in the gallery should not turn into a sideshow ripped from the script of Law &

MOTION AND MEMORANDUM REGARDING
CONTROLLING THE GALLERY OF THE COURTROOM - 2
3:18-cv-05267-RBL
1002-00881/458136.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

Order.

### III.   ISSUE PRESENTED

Should this Court keep the gallery free from spectators who may influence or intimidate the Jury? **Yes**.

### IV.   EVIDENCE RELIED UPON

Declaration of Andrew Cooley in Support of this Motion and Exhibits Thereto.

### V.   LEGAL ANALYSIS

The U.S. Supreme Court has consistently affirmed that both criminal and civil litigants have a constitutional right to an impartial jury. *Warger v. Shauers*, 574 U.S. 40, 135 S. Ct. 521, 528, 190 L. Ed. 2d 422 (2014). For this reason, trial judges can and should exclude individuals from the courtroom if it is apparent that their presence might prejudice the jury. *Sheppard v. Maxwell*, 384 U.S. 333, 357–58, 86 S. Ct. 1507 (1966).

In a courtroom itself, the right to "free speech" is extremely limited where the fairness and impartiality of the judicial proceedings are at stake. *Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1071, 111 S. Ct. 2720, 2743, 115 L. Ed. 2d 888 (1991). Additionally, "the public has no right to attend pretrial proceedings." *Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 389, 99 S. Ct. 2898, 61 L. Ed.2d 608 (1979). It is constitutional for the court to deny the public access to the courtroom where an open proceeding would pose a "reasonable probability of prejudice." *Id.* at 393 (citations omitted) (holding the First and Fourteenth Amendments were not violated where the transcript of a hearing was made available to the press and to the public *after* the hearing only once the danger of prejudice had dissipated).

On a related note, the Supreme Court has recognized instances where community hostility can call the impartiality of the jury into question. *See Skilling v. United States*, 561 U.S. 358, 438, 130 S. Ct. 2896, 2948, 177 L. Ed. 2d 619 (2010) "Community passions, often inflamed by adverse pretrial publicity, can call the integrity of a trial into doubt in extreme circumstances. In some instances, this Court has observed, the hostility of the

MOTION AND MEMORANDUM REGARDING
CONTROLLING THE GALLERY OF THE COURTROOM - 3
3:18-cv-05267-RBL
1002-00881/458136.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

community becomes so severe as to give rise to a 'presumption of [juror] prejudice.'" *Id.* At the same time, however, only the most prejudicial information that viewers could not reasonably be expected to ignore give rise to a presumption of prejudice. *Id.* at 382.

Such "community passions" may be significant enough to put the impartiality of the jury in question where there is extensive prejudicial media coverage or if the "general atmosphere in the community or courtroom is sufficiently inflammatory." *Id.* at 443 (citations omitted). This type of jury bias is one that cannot always be exposed at *voir dire*. *Id.* at 443–44.

In *Sheppard v. Maxwell*, the Supreme Court went as far to hold that the trial court had a *duty* to take remedial measures to prevent prejudice caused by "inherently prejudicial publicity which saturated the community and to control disruptive influences in the courtroom." *Sheppard*, 384 U.S. at 363, 86 S. Ct. 1507 (1966). There, the publicity surrounding the trial was especially prejudicial because the media included statements by prospective witnesses disseminating false information and otherwise inadmissible evidence—creating the risk that the jury would rely on evidence available to the public that was not present in the record. *Id.* at 360–61.

In *Sheppard*, it was reversible error that the trial court failed to limit the number of reporters in the courtroom or take any measures to "control the release of leads, information, and gossip to the press by police officers, witnesses, and the counsel for both sides." *Id.* at 359. The court did, however, fulfill its responsibility to control the courtroom by barring the accused's brother from remaining in the courtroom during trial after he continued to make prejudicial statements to the press in an attempt to discredit the state witnesses' testimony. *Id.* at 359–60. *Sheppard*, of course, was decided before the advent of social media and Facebook.  Here, Crystal Chaplin's public Facebook page, along with her "BF Lisa Ganser" are analogous to the prejudicial comments to the press by the brother in *Sheppard*.

MOTION AND MEMORANDUM REGARDING
CONTROLLING THE GALLERY OF THE COURTROOM - 4
3:18-cv-05267-RBL
1002-00881/458136.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

Here, allowing the 124 individuals (and likely growing) Ms. Chaplin recruited to attend the proceedings is highly likely to prejudice and intimidate the jurors. Because there is no right for the public to attend trial or pretrial procedures, these individuals on Ms. Chaplin's event list should not be allowed to attend *voir dire*, nor the trial itself. *See, DePasquale*, *supra,* 443 U.S. at 389; *see also, Sheppard, supra*. But also, because these individuals have taken part in Ms. Chaplin's posts attempting to discredit the defense's witnesses and influence the outcome of the case—there is a high risk that the jury will be influenced by this false evidence and the fairness of the trial will be compromised.

## VI.    CONCLUSION

Based upon the foregoing, the Defendants respectfully request that this Motion be granted and the Court not allow the Plaintiffs to fill the courtroom with partisan supporters who may influence or intimidate the jury.

DATED:  September 16, 2019.

KEATING, BUCKLIN & McCORMACK, INC., P.S.


By: */s/ Andrew Cooley*
Andrew Cooley, WSBA #15189
Attorney for Defendants

801 Second Avenue, Suite 1210
Seattle, WA  98104
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: acooley@kbmlawyers.com

MOTION AND MEMORANDUM REGARDING
CONTROLLING THE GALLERY OF THE COURTROOM - 5
3:18-cv-05267-RBL
1002-00881/458136.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiffs**

Monte Bersante, WSBA #17083
Brian M. King, WSBA #29197
Davies Pearson PC
920 Fawcett
PO Box 1657
Tacoma, WA 98401-1657
Email:  mbersante@dpearson.com
          bking@dpearson.com
          mlucente@dpearson.com

**Attorneys for**

Sunni Y. Ko, WSBA #20425
The Law Office of Sunni Ko
1105 Tacoma Ave S
Tacoma, WA 98402-2031
Email:  ko@sunnikolaw.com

DATED:  September 16, 2019

/s/ Andrew Cooley
Andrew Cooley, WSBA #15189
Attorney for Defendants
801 Second Avenue, Suite 1210
Seattle, WA  98104
Phone: (206) 623-8861
Fax:     (206) 223-9423
Email: acooley@kbmlawyers.com

MOTION AND MEMORANDUM REGARDING
CONTROLLING THE GALLERY OF THE COURTROOM - 6
3:18-cv-05267-RBL
1002-00881/458136.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423